Steven M. Aaron (AZ Bar No. 028656)
Andrew M. Legolvan (AZ Bar No.  032259)
DENTONS US LLP
2398 E. Camelback Road, Suite 850
Phoenix, AZ  85016-9007
Tel: (816) 460-2476
Fax: (816) 531-7545
Email: *steven.aaron@dentons.com*
        *andy.legolvan@dentons.com*

Michael J. Sullivan (*pro hac vice to be filed*)
Amy D. Barry (*pro hac vice to be filed*)
ASHCROFT SULLIVAN, LLC
200 State Street, 7th Floor
Boston, MA 02109
Tel:  617-573-9400
Fax: 617-933-7607
Email:  *MSullivan@AshcroftLawFirm.com*
        *ABarry@AshcroftLawFirm.com*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Azerbaijan Ministry of Defense, the
Republic of Azerbaijan by and through its
Authorized Agent, Syntelco, Ltd., a Limited
Liability Company,

                Plaintiff,

        v.

Robert Reish, an Individual,

                Defendant.

Case No.: _____

**COMPLAINT**

        Azerbaijan Ministry of Defense, by and through its Authorized Agent, Syntelco,

Limited, a Limited Liability Company, represented in these matters by and through

undersigned counsel, Steven M. Aaron, Dentons US LLP, hereby files this Complaint, and

states as follows:

## I.      THE PARTIES

        1.      The Plaintiff, Azerbaijan Ministry of Defense, the Republic of Azerbaijan,

is a foreign government agency whose address is at Parliament Str. 3; AZ1073, Baku,

Republic of Azerbaijan.

2.     The Plaintiff was at all times in these matters represented by and through its Authorized Agent, Syntelco, Limited, a Limited Liability Company ("Syntelco") organized and existing under the laws of the Republic of Azerbaijan, with its principal place of business located at 9 Suleyman Rustem Street, AZ0101, Baku, Republic of Azerbaijan.

3.     The Defendant, Robert Reish ("Reish"), is an individual who, on information and belief, resides at 6070 Livingston Lane, Placerville, CA  95667.

## II.     JURISDICTION AND VENUE

4.     Jurisdiction in this Court exists pursuant to 28 U.S.C. §§1332(a).  This case involves diversity of citizenship between the parties in that Plaintiff is an agency or instrumentality of a foreign state and Defendant Reish is a citizen of the State of California, and the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1332(a) (4) and 28 U.S.C. § 1391. This is a civil action between Plaintiff Syntelco, an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(a), and Defendant Reish, who, upon information and belief, is a citizen of California.  The property that is the subject of this action is located in Arizona, the events giving rise to the claims that are the subject of this litigation took place in Arizona, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     STATEMENT OF FACTS

6.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 5 above.

7.     Plaintiff entered into an agreement with Defendant Reish entitled "Helicopter Purchase Agreement" ("Agreement") on or about November 11, 2015.  The Agreement is attached hereto as Exhibit A, and incorporated by reference herein in its entirety.

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(816) 460-2476

1
2
3
4

8. Per the terms of the Agreement, in consideration of a $2,322,000.00 (Two Million, Three Hundred and Twenty Two Thousand US Dollars) payment by Plaintiff, Defendant Reish was, among other things, obligated to provide one fully operational and test-flight ready 530F Helicopter serial number 00041FF. Exhibit A, ¶4.

5
6

9. Defendant Reish made certain written representations and warranties regarding the Helicopter in the Agreement, including but not limited to the following:

7
8
9

"The Helicopter will be delivered with all systems operational, Flight records up to date, all mandatory Federal Aviation Administration ("FAA") Airworthiness Directives and Service Bulletins complied with. Helicopter to be delivered to SELLER at Phoenix Heliparts facility in Mesa, Arizona". Exhibit A, ¶4.

10
11
12

"The SELLER warrants that the title of the Helicopter will be free and clear of all encumbrances at the time of said delivery of the helicopter to the PURCHASER and that the FAA Bill of Sale conveying title is executed by a fully authorized person or persons." Exhibit A, ¶8.

13
14
15

10. Defendant Reish was paid in full by Plaintiff via wire transfers disbursed from an escrow account in the total amount of $2,322,000.00, which was authorized on or about November 25, 2015.

16
17
18
19
20
21
22

11. At the time the $2,322,000.00 funds were authorized for release from the escrow account, by an agent of the Plaintiff, to Defendant Reish, both the Plaintiff and Defendant Reish each knew the aircraft was not fully operational or test-flight ready, that additional work was needed to make the aircraft meet those certain conditions regarding airworthiness, per Exhibit A, and that Defendant Reish and/or his agent, would perform, complete and/or pay for such work.  See, Declaration of Lori Sharpe Day, attached hereto as Exhibit B and incorporated by reference herein.

23
24

12. Though Defendant Reish was paid in full by Plaintiff, Defendant Reish never provided a fully operational and test-flight ready 530F Helicopter.

25
26
27

13. At best, what Defendant Reish delivered to Plaintiff was a helicopter shell and a pile of parts, and certainly not an airworthy helicopter per the terms of the Agreement.

28

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

14.     During preliminary negotiations for the helicopter purchase, counsel for the Plaintiff was advised that Ms. Tina Cannon, the President of Phoenix Heliparts, Inc. should be Plaintiff's point of contact for this transaction.

15.      Plaintiff's counsel was specifically told that Ms. Cannon was representing Defendant Reish in this action as his Agent.

16.     Defendant Reish, acting in his own capacity and by and through his authorized Agent, Cannon, who, upon information and belief, in her capacity as an agent for Defendant Reish, acted on his behalf and at his instruction, mislead Plaintiff regarding Defendant Reish's intent and ability to fully perform under the Agreement.

17.     Specifically, Defendant Reish, acting in his own capacity and/or by and through his Agent Cannon, misled the Plaintiff to believe that he was the lawful owner of and held title to the MD530F helicopter that is the subject of this dispute.

18.     On information and belief, Defendant Reish did not hold clear title to the MD530F helicopter and was therefore unable to convey title of the helicopter to Plaintiff.

19.     Further, on information and belief, Defendant Reish was aware of the fact that the helicopter shell and parts in question not only were not airworthy in their current state, but likely unable to be made airworthy. Notwithstanding the known condition of the aircraft by Defendant Reish, Defendant Reish still represented to the Plaintiff that the aircraft shell and parts could be made airworthy within weeks of the close of escrow.

20.     After the release of the escrow account, Counsel for the Plaintiff contacted Defendant Reish's Agent, Ms. Cannon, on numerous occasions both by phone and in writing these phone and email contacts occurred on at least the following dates:  January 12th, 14th, 18th, 25th, and 29th, 2016.

21.     After the release of the escrow account, Plaintiff first learned in May of 2016 that Defendant Reish had, on information and belief, misrepresented to the Plaintiff the title of the aircraft, resulting in significant damages to Plaintiff.

22.     After the release of the escrow account, Counsel for the Plaintiff also contacted Defendant Reish's Counsel on numerous occasions both by phone and in

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

writing (correspondence sent via U.S. Mail and via e-mail) alerting Defendant Reish of his failure to comply with certain terms of the contract.

23. On or about June 3, 2016, Counsel for the Plaintiff sent a letter to Defendant Reish's Counsel. See, Exhibit C.

24. The June 3, 2016 letter was Plaintiff's stated final attempt to settle the dispute prior to the filing of this lawsuit.

25. In the June 3, 2016 letter, Plaintiff offered to waive any and all additional rights and remedies it was entitled to as a result of Defendant Reish's breach of the contract in exchange for the return of the Plaintiff's funds in the total amount of $2,322,000.00.

26. Plaintiff's offer of settlement to Defendant Reish had a stated deadline of June 20, 2016.

27. Defendant Reish, to date, has not returned Plaintiff's funds.

28. On or about July 25, 2016, a formal Notice of Revocation of Acceptance was mailed by Plaintiff's counsel to counsel for Defendant Reish.  See, Exhibit D.

29. To date, Defendant Reish has not provided the Plaintiff with good title or complied with the other terms of the contract including providing an airworthy helicopter in accordance with the terms of the agreement, necessitating the filing of this action.

**IV.    COUNT ONE – BREACH OF CONTRACT**
(Pursuant to Arizona Uniform Commercial Code §47)

30. Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 29 above.

31. Defendant Reish has therefore failed to perform in accordance with the terms of the Agreement.

32. Defendant Reish was formally notified by counsel for Plaintiff on or about June 3, 2016 of his failure to perform under the terms of the Agreement.

33. When it became clear to the Plaintiff that the Defendant had no intention of performing in accordance with the terms of the Agreement, a formal Notice of Revocation

of Acceptance was mailed to the Defendant on or about July 25, 2016.

34.    Defendant Reish has neither remedied his failure to perform nor returned the Plaintiff's purchase funds as requested.

35.    As a result of Defendant Reish's failure to perform, Plaintiff has incurred substantial damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual damages in the amount of $2,322,000.00 which Plaintiff wired to Defendant Reish, constructive damages, punitive damages, lost earnings and lost profits arising from its aforesaid Breach of Contract, together with interest, costs, and attorneys' fees.

## V.    COUNT TWO – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36.    Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 35 above.

37.    Plaintiff and Defendant Reish entered into the subject Agreement described herein above, and attached as Exhibit A.

38.    Plaintiff did all, or substantially all of the significant things that the subject Agreement required it to do, including wiring funds to Defendant Reish in the amount of $2,322,000.00 to purchase an airworthy helicopter as described and contemplated by the Agreement.

39.    Any and all conditions required for Defendant Reish's full performance of the Agreement occurred.

40.    Defendant Reish unfairly interfered with Plaintiff's right to receive the benefits of the contract by failing to deliver the airworthy helicopter as contracted for, failing to convey clear title to the helicopter, and further by failing to refund the Plaintiff it's funds upon the Plaintiff's demand that Defendant Reish do so as a result of his failure to perform/inability to perform.

41.    Plaintiff has been substantially harmed by Defendant Reish's conduct, as Defendant Reish continues to unlawfully retain $2,322,000.000 U.S. dollars of the

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

Plaintiff's funds, and has not delivered an airworthy helicopter in compliance with the terms of the subject Agreement between the parties.

42.     The Plaintiff has not been able to use the helicopter it intended to purchase, and has further incurred significant costs and fees in its ongoing attempts to recover its monies from Defendant Reish, including legal fees and costs in both this matter and as a claimant in the bankruptcy matter involving Phoenix Heliparts.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual and consequential damages arising from its aforesaid Breach of the Implied Covenant of Good Faith and Fair Dealing, together with interest, costs, and attorneys' fees.

## VI.     COUNT THREE – BREACH OF WARRANTY
### (Pursuant to Arizona Uniform Commercial Code §47)

43.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 42 above.

44.     On November 25, 2015, Defendant Reish delivered to Plaintiff a helicopter shell and helicopter parts for which he received the sum of $2,322,000.00, which sum was paid by Plaintiff to Defendant Reish.

45.     At the time of the sale, the helicopter shell and parts were located at Phoenix Heliparts in Mesa, Arizona.  The transfer of funds through escrow was completed remotely by the Plaintiff to Defendant Reish by wire transfer.

46.     At the time of the sale, as part of the sale, and as an inducement to Plaintiff to purchase the helicopter, Defendant Reish warranted to Plaintiff that he held clear unencumbered title to the helicopter.

47.     Defendant Reish further warranted that the helicopter, as it currently existed in the form of a helicopter shell and parts, would and could be assembled into an airworthy helicopter in compliance with all terms of the Agreement as written following the close of escrow and his receipt of the purchase funds in full.

48.     Plaintiff entered into the Agreement to purchase the helicopter in reliance on

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

Defendant Reish's warranties as described in paragraphs 44 and 45 above.

49.    On information and belief, the warranties referred to in paragraphs  were untrue, in that Defendant Reish did not own or hold title to the aircraft shell and parts, and further as the aircraft shell and parts have not been assembled into an airworthy aircraft in full compliance with all the terms and requirements of the Agreement between the parties.

50.    Plaintiff discovered the breach of the warranties as described in paragraphs 44 and 45 above in May of 2016, which was a reasonable time after receipt of the helicopter shell and parts.

51.    Shortly thereafter, Plaintiff gave notice of the breach via letter on June 3, 2016 to Defendant Reish.

52.    At the time and place of acceptance of the helicopter shell and parts the goods were, as delivered, of no value to the Plaintiff. Had they been delivered as warranted, with clear title and fully assembled into an airworthy helicopter in accordance with all terms of the Agreement, their value would have been the contracted for price of $2,322,000.00, and Plaintiff was therefore damaged in the sum of $2,322,000.00.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish in the amount of $2,322,000.00, requests that the Court further award Plaintiff the costs of suit and grant Plaintiff any further relief that the Court considers just and proper.

### VII.   COUNT FOUR – FRAUD AND DECEIT

53.    Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 52 above.

54.    Defendant Reish represented to Plaintiff that he was able to deliver, and would deliver to Plaintiff an airworthy helicopter in compliance with the Agreement terms in exchange for the Plaintiff's payment of $2,322,000.00 to Defendant Reish.

55.    Defendant Reish's representation was false.

56.    Defendant Reish further represented to Plaintiff that he held clear title to the helicopter.

57.    This representation of Defendant Reish's was also false.

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

58.     At the time Defendant Reish allegedly "sold" the helicopter to Plaintiff, Defendant Reish did not hold title to the helicopter.

59.     Defendant Reish therefore did not own and was unable to convey clear title to the helicopter he contracted to sell, at the time he contracted to sell it to Plaintiff.

60.     Defendant Reish did not even own the helicopter parts which he presented to Plaintiff allegedly to satisfy his obligations under the Agreement. These parts have been seized by a Bankruptcy Trustee for Phoenix Heliparts.

61.     Defendant Reish knew that he falsely represented ownership of the helicopter and clear title to the helicopter at the time of the sale, or represented his ownership of the helicopter recklessly and without regard for its truth.

62.     Defendant Reish also represented that the helicopter, though at the time of the close of escrow it was a helicopter shell and parts, could and would be assembled within a few short weeks to an airworthy MD530 helicopter in full compliance with the terms and requirements of the Purchase Agreement.

63.     Defendant Reish was, on information and belief, aware that the helicopter parts would not be able to be timely assembled into an airworthy MD530 helicopter per the terms of the agreement.

64.     Defendant Reish knew that the representations summarized in paragraphs 52 and 60 above were false, and made the representations detailed herein above in paragraphs 52-61 recklessly and without regard for their truth.

65.     Defendant Reish intended that Plaintiff rely on his false representations of airworthiness of the helicopter, false promises to make the helicopter shell and parts airworthy, as well as false representations of clear title to the helicopter.

66.     Plaintiff reasonably relied on Defendant Reish's representation of ownership/title and airworthiness.

67.     Plaintiff was harmed by Defendant Reish's false and/or reckless representations.   As a result of Defendant Reish's fraudulent and deceitful representations, Plaintiff has incurred expenses in the form of legal fees and costs

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

associated with recovery of their funds, including costs associated with the filing of this action.

68.     Plaintiff's reliance on Defendant Reish's fraudulent representations was a substantial factor in causing its harm.  If Plaintiff had been aware that Defendant Reish was not the true owner of an airworthy MD530 helicopter to which he could convey clear, unencumbered title, or the true owner of an MD530 helicopter shell and parts which could be made airworthy, Plaintiff would not have entered into the subject agreement with Defendant Reish.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual and consequential damages arising from its aforesaid Fraud and Deceit, together with interest, costs, and attorneys' fees.

## VIII.   COUNT FIVE – INTENTIONAL MISREPRESENTATION

69.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 68 above.

70.     Defendant Reish represented to the Plaintiff that he held clear title to the contracted for helicopter and further that the helicopter would be able to be modified to airworthy condition within a few weeks following the release of the escrow funds from Plaintiff to Defendant Reish.

71.     These representations were false.

72.     Defendant Reish knew that such representations were false when he made them, or Defendant Reish made the representation recklessly and without regards to the truth.

73.     Defendant Reish notably insisted that no work be completed to modify the helicopter prior to closing, and required that 100% of the purchase price be paid at the closing.

74.     Defendant Reish further refused to close the sale of another helicopter to the Plaintiff until the purchase funds were released in escrow for the subject helicopter.

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

75.     Defendant Reish intended that the Plaintiff rely on these false representations.   Defendant Reish led the Plaintiff to believe that he was able to convey clear title to an aircraft that would become airworthy and would pass inspection within weeks of the close of escrow and release of funds to him.

76.     Plaintiff reasonably relied on the representation of Reish made by him personally and also those representations conveyed through his Agent (Cannon), who was the President of a company specializing in helicopter parts and repair.

77.     Plaintiff was harmed by the above detailed misrepresentations, as Defendant Reish has to date refused to return $2,322,000.00 of Plaintiff's purchase funds.  Further, the helicopter parts presented by Defendant Reish allegedly in satisfaction of the Agreement have been seized by the bankruptcy trustee for PHP.  Finally, Plaintiff has already incurred and will continue to incur significant legal fees and costs as a result of having to retain counsel to recover its funds from Defendant Reish prior to and now in this current litigation.

78.     Plaintiff's reliance on Defendant Reish's misrepresentations were a substantial factor in causing that harm to Plaintiff.  Without these representations, Plaintiff would not have entered into the Purchase Agreement with Defendant Reish.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual and consequential damages arising from its aforesaid Intentional Misrepresentation, together with interest, costs, and attorneys' fees.

### IX.     COUNT SIX – CONCEALMENT

79.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 78 above.

80.     Defendant Reish concealed or suppressed at least two material facts: First, that he did not own clear title to the helicopter at the time of his alleged sale to Plaintiff, and second, that the helicopter he purported to contract to sell to the Plaintiff would not be able to be modified into airworthy condition within weeks of the close of escrow.

81.    Defendant Reish was under a duty to disclose these material facts to the Plaintiff.

82.    Defendant Reish intentionally concealed or suppressed his lack of clear title to the helicopter, as well as the inability to modify the helicopter into airworthy condition, with the intent to defraud the Plaintiff.

83.    Plaintiff was unaware of these facts, and would not have acted as it did if it had known of the concealed or suppressed facts.

84.    As a result of the concealment or suppression of these facts, the Plaintiff has sustained significant damages.  Defendant Reish has retained Plaintiff's purchase funds to date in the amount of $2,322,000.00, and the Bankruptcy trustee for PHP retains the nonconforming goods Reish "delivered" to Plaintiff - namely, the non-airworthy helicopter shell and parts.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual and consequential damages arising from its aforesaid Concealment, together with interest, costs, and attorneys' fees.

## X.    COUNT SEVEN – CONVERSION

85.    Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 84 above.

86.    Plaintiff owns, possessed, and had a right to possess the $2,322,000.00 U.S. dollars subject to Defendant Reish fulfilling the terms of the subject agreement and delivering an airworthy helicopter.

87.    Defendant Reish intentionally and substantially interfered with Plaintiff's property by taking possession of the Plaintiff's funds and failing to deliver the airworthy helicopter in compliance with the terms of the Agreement.

88.    Defendant Reish intentionally and substantially interfered with Plaintiff's property by preventing Plaintiff from having access to the funds following Defendant Reish's breach of the Agreement.

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

89.     Defendant Reish intentionally and substantially interfered with Plaintiff's property by refusing to return the Plaintiff's funds after Plaintiff demanded Defendant Reish do so Plaintiff did not consent to the above actions taken by Defendant Reish.

90.     Plaintiff has been and continues to be harmed by Defendant Reish's unlawfully retaining Plaintiff's funds, continues to be unlawfully denied the right to access its own funds, and cannot use these funds to purchase another helicopter.

91.     Defendant Reish's conduct is the substantial factor in causing Plaintiff's harm, as Defendant Reish maintains possession and control of the Plaintiff's funds while in breach of the subject agreement.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for all actual and consequential damages arising from its aforesaid Conversion, together with interest, costs, and attorneys' fees.

## XI.     COUNT EIGHT – VIOLATION OF ARIZONA CONSUMER FRAUD ACT

92.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 91 above.

93.     Defendant Reish used fraud, made intentional misrepresentations, and/or concealed, suppressed or omitted a material fact in connection with the contracted for sale of the helicopter.

94.     Defendant Reish intended that Plaintiff rely upon such fraud/misrepresentation/concealment of a material fact.

95.     Plaintiff suffered damages as a result of reliance on Defendant Reish's fraud/misrepresentation/concealment of material fact.

**WHEREFORE**, the Plaintiff requests that judgment be entered in the Plaintiff's favor, against Defendant Reish:

A.     Stating that Defendant Reish's conduct and practices violate the Arizona Consumer Fraud Act;

B.     Awarding actual out-of-pocket damages;

- 13 -

C.     Awarding Plaintiff the right to obtain an award for ongoing post-judgment collection costs, including but not limited to, reasonable attorneys' fees and costs; and

D.     Awarding such other and further relief as this Court may deem just and equitable.

## XII.   COUNT NINE – UNJUST ENRICHMENT

96.     Plaintiff restates, realleges, and incorporate by reference the allegations contained in paragraphs 1 through 95 above.

97.     In the alternative to the Breach of Contract Claim (Count One), Defendant Reish has benefitted from and has been unjustly enriched at the Plaintiff's expense, with respect to retaining the Plaintiff's funds in the amount of $2,322,000.00 U.S. dollars while also failing to fulfill the terms of the subject Agreement by delivering the airworthy helicopter as promised.

98.     The Plaintiff has been damaged in the amount of $2,322,000.00 U.S. dollars, plus attorneys' fees, costs and expenses incurred in pursing this action.

**WHEREFORE**, Plaintiff demands judgment against Defendant Reish for $2,322,000.00 U.S. dollars, plus all accrued and accruing interest until paid in full, together with costs, attorneys' fees and expenses incurred in bringing this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the Court enter judgment in its favor as follows:

A.     On Counts One though Eight, an award to Plaintiff of all actual and consequential damages, costs, expenses and attorneys' fees as the Court deems just and proper; or

B.     In the alternative to Count One (Breach of Contract), find that Defendant Reish has been unjustly enriched at the Plaintiff's expense (Count Nine) and find in Defendant Reish's favor on all other applicable claims, and award all actual and consequential damages, costs, expenses and attorneys' fees; and

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900

1   Granting such other and further relief as the Court deems just and proper.

2   **JURY TRIAL DEMANDED**

3   Plaintiff hereby demands a jury on all issues so triable.

4

5   Respectfully Submitted,

6

7   Dated:  February 28, 2017          DENTONS US LLP

8                                      By:   _s/Steven M. Aaron_
9                                            Steven M. Aaron (AZ Bar No. 028656)
                                             Andrew M. Legolvan (AZ Bar 032259)
10                                           2398 E. Camelback Road, Suite 850
                                             Phoenix, AZ 85016-9007
11
                                       ASHCROFT SULLIVAN, LLC
12
                                             Michael J. Sullivan (*pro hac vice to be filed*)
13                                           Amy D. Barry, (*pro hac vice to be filed*)
                                             200 State Street, 7th Floor
14                                           Boston, MA 02109

15                                     *Attorneys for Plaintiff*

16
     102651332\V-1
17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
2398 EAST CAMELBACK ROAD, SUITE 850
PHOENIX, ARIZONA 85016-9007
(602) 508-3900