**GOLDSTEIN LEGAL TEAM, PLLC**
H. Lee Horner Jr.   ASB #022791
5800 Arizona Pavilions Drive #2665
CORTARO, AZ 85652
520-979-5176
FAX 520-744-5073

Email:   steinway@azbar.org

**Law Office of Paul L. Cass**
Paul L. Cass, CA Bar 158323 (pro hac vice pending)
7777 Greenback Lane, Ste 107
Citrus Heights, CA 95610

916-536-1099
FAX 916-536-0739

Email: casslaw@aol.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Azerbaijan Ministry of Defense et al, | Case No.  2:17-CV- 598-JZB |
| Plaintiff | **REPLY BRIEF RE: DEFENDANT'S MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT** |
| vs. | |
| Robert Reish, | |
| Defendant | |

## INTRODUCTION

The parties are agreed on the law applicable to these motions; the disagreement is whether or not the defendant is entitled to the requested relief.  If the motion to dismiss is granted, to the extent the court believes the plaintiff can amend to state a claim, it is suggested dismissal be without prejudice.  However, as to the statute of limitations and unjust enrichment issues, dismissal should be with prejudice.

# APPLICABLE LAW

In particular, the plaintiff does not dispute the fact that in this diversity case, Arizona limitations law applies and that the Supreme Court of Arizona has the final say on the interpretation of that law and ins binding on this court as well as any other District Court construing the limitations issues in diversity.

## RULE 12(b)(6) DISMISSAL, WITH PREJUDICE, OF THE COUNTS FOR UNJUST ENRICHMENT AND RELIEF UNDER ARIZONA'S CONSUMER FRAUD STATUTE IS WARRANTED

## UNJUST ENRICHMENT COUNT

Mr. Reish does not argue that because there was no mention of "in the alternative" in the pleading for this relief it was somehow improper, although the plaintiff raises that issue to distract from the real issue - the binding Supreme Court case that is contrary to plaintiff's position.

It is black letter law that the highest court of a state, in diversity cases, is the final authority on state law issues and the state supreme court's rulings, absent contrary rulings by the U. S. Supreme Court, are binding.

As shown in the motion [p. 3:3-10], the Arizona Supreme Court has stated unequivocally that "....[W]hen there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment *has no application.*" ***Brooks v. Valley Nat. Bank,* 113 Ariz. 169, 174 (Supreme Court of Arizona, en banc, 1978). Emphasis supplied.**

Plaintiff cites a 2003 District Court case (***Arnold & Assocs. Inc. V. Misys Healthcare Sytems,* 275 F.Supp.2d 1013**) for the notion that, contrary to ***Brooks,*** a contract between the parties does not automatically invalidate an unjust enrichment theory of recovery.
***Opposing brief, p. 6:22-25.***

The district court sitting in diversity, it is respectfully suggested, cannot overrule the Arizona Supreme Court if it disagrees with the plain

reading of the Supreme Court's mandate, although that's what the ***Arnold*** court did in holding that unjust enrichment is available as an alternative cause of action in contract breach actions.

Unless and until the Arizona Supreme Court, which ruled in ***Brooks*** en banc, revisits this issue and rules otherwise, or the U. S. Supreme Court overrules this case, this honorable court is bound by the decision, agree or disagree.

The Supreme Court's ruling is clear, unambiguous, and on point with the instant dispute, so the District Court need not speculate as to what the State Supreme Court would do as is done when there is no ruling on point.

This count must be dismissed with prejudice as a matter of state law.

**THE STATUTE OF LIMITATIONS BARS THE CONSUMER FRAUD COUNT**

The parties are agreed that the one year limitations statute mandated by the Arizona Consumer Fraud Act applies to this case – the disagreement is about when the limitations clock started.

Attached to the motion as Exhibit A is the ***unconditional acceptance*** of 0041FF with the further statement that all of the terms of the agreement between the parties have been complied with - and the funds for the purchase can be released by escrow to the seller (defendant Reish).

The absence in the opposition brief of a comment on this important document speaks volumes.

A plain reading of this document is that one of the plaintiff's law firms prosecuting this case (the Ashcroft firm) represented the plaintiff prior to the close of escrow, that the law firm inspected or caused to be inspected the aircraft being sold, and as of the date escrow closed, November 25, 2015, found it to be in proper, airworthy condition.

If such was not the case, plaintiff knew or should have known of the non-airworthiness of the aircraft at the time escrow closed and the limitations clock started at that time.

No documents are attached to the complaint that defendant made any representations to the plaintiff of any kind of the airworthiness of the aircraft when escrow closed; no evidence of "promises" to make it airworthy when "it really wasn't", as plaintiff argues, is presented – and there is no evidence that defendant Reish prevented, in any manner, an inspection of this aircraft at any time, which would also dove-tail into the fraud accusation as suppression of material fact.

As the complaint was not filed until February 28, 2017, more than a year has elapsed since the plaintiff should have discovered any defect with the aircraft, contrary to its express unconditional acceptance.

As a matter of Arizona law, as set forth in the motion to dismiss, the one year limitations statute, **A.R.S. 12-541(3)** ran on November 26, 2016.

This is a fact situation the plaintiff cannot cure by amendment thus dismissal of the Arizona Consumer Fraud count should be made with prejudice. It's not even close.

**MOTION FOR MORE DEFINITE STATEMENT - FRAUD AS TO TITLE and CONDITION OF AIRCRAFT AT ESCROW'S CLOSING**

The law applicable to this motion is agreed upon; the plaintiff contends it made a sufficiently detailed statement of the fraud in play, and the defendant disagrees.

Here is what was plead and remarks about why the pleading is insufficient with a suggested remedy:

| Complaint allegation (paraphrased) | Defendant's assessment | Further detail that should be ordered |
|---|---|---|
| ¶¶ 56, 57 "Defendant represented that he had clear title…this was false" | No explanation as to why this representation was false. | Who had title then if not Mr. Reish? What is meant by not having "clear" title? Is anyone else claiming ownership? |
| ¶¶ 58, 59 "At the time of sale of the helicopter defendant did not hold title to the helicopter;" "Defendant did not own and was unable to convey title to plaintiff at the time he contracted to sell to plaintiff" | No explanation as to how legal ownership of the helicopter is false. | Same as above - who had title at the time the parties contracted to sell? |
| ¶ 60 "These parts [the helicopter] have been seized by a bankruptcy trustee". | No explanation as to when, if ever, a bankruptcy trustee "seized" the helicopter and no allegation that plaintiff ever took delivery; | Did plaintiff ever take possession of the helicopter? If so, when? Did the bankruptcy trustee refuse to allow plaintiff to remove the helicopter from the Phoenix HeliParts premises? From what location was the craft seized? How was the seizure accomplished? |

**5**

| | | |
|---|---|---|
| ¶ 62 "Defendant Reish represented at close of escrow that the aircraft was at that time not airworthy but would be made so within a few weeks....." | How these alleged representations were made is not stated, nor the date(s) and time(s). | Were these representations made by Mr. Reish personally? If so, were they written or oral? When, to whom and at what time were they made? An explanation is needed as to why plaintiff's attorney Lori Day told everyone, in writing [Ex. A to motion] that the aircraft was just fine. Did the defendant "put her up to this"? If so, how, when and where? |
| ¶ 64 Defendant knew that the representations above were false.... | It is not set forth how it is that plaintiff knew what the defendant knew at any time; this is just a conclusory allegation without factual support. | What admissible evidence does the plaintiff have that Mr. Reish knew the representations as to airworthiness and clear title were false? Did he brag about this in a saloon? Did he send an email to someone saying "we pulled that one off, didn't we?" or something similar? |
| ¶ 66 "Plaintiff reasonably relied on defendant's representations of title and airworthiness" | Why was plaintiff's reliance reasonable? Was inspection prohibited before escrow closed by defendant? Was inspection during the one year post-close of escrow also prohibited by defendant, somehow? What prevented the plaintiff from sending its legal counsel or an independent inspector to where the helicopter was prior to close of escrow to verify condition? | More explanation is needed as to why plaintiff's reliance on anything anyone said or did was "reasonable" under the circumstances. |

| | | |
|---|---|---|
| ¶ 72. "Defendant knew these representations were false when made....." | Based on what? | Plaintiff has to provide a foundation for how it knew what the defendant knew and when. |
| ¶ 73 "Defendant insisted that no work be completed to modify the helicopter prior to closing...." | How did he do this? In writing, orally, when and at what time? | More details about what defendant did, personally, to prevent the plaintiff from having any needed work done prior to close of escrow; explanation as to why plaintiff would buy an aircraft it was not allowed to inspect or have work done on prior to escrow closing. |
| ¶ 75 "Defendant led plaintiff to believe that the aircraft would become airworthy and pass inspection within weeks of close of escrow...." | Exactly how did the defendant do this? In writing? Orally? Why did plaintiff's attorney accept the aircraft as fully compliant with the contract in writing (Ex. A to motion) if it was not airworthy and would be made so after escrow closed? | More foundation is needed here. Was the representation of present-day non-airworthiness that would be cured post close of escrow made in writing or orally? By whom? Why did plaintiff's attorney say in writing that the aircraft was just fine at close of escrow? |
| ¶ 76 "Plaintiff reasonably relied on the representation of defendant made by him personally, and also those representations of Tina Cannon, his agent....." | What specific representations were made by defendant that plaintiff relied on?<br><br>What evidence does plaintiff have that Cannon was defendant's agent, and if she was, that he authorized her to defraud the plaintiff as part of the agency agreement? | More foundation is needed. Plaintiff has never explained how it concluded that Tina Cannon was the defendant's agent, ever; she was by the time of contract formation the ousted owner of PHP, so how is this "agency" with her and the defendant formalized, and what documents support these allegations? |

| | | |
|---|---|---|
| ¶ 77 "The helicopter parts presented by defendant allegedly in satisfaction of the parties' agreement have been seized by the bankruptcy trustee for PHP." | Now plaintiff alleges that the parties' agreement was for helicopter parts and, again, that apparently after taking custody, this property was repossessed/seized by PHP's bankruptcy trustee. | When did the plaintiff take physical delivery of the helicopter? If not shortly after escrow closed, why not? Who inspected the helicopter prior to the close of escrow for plaintiff? When? What were the results of the inspection? Why did attorney Lori Day accept the aircraft as fully compliant with the contract if it wasn't? |
| ¶ 80 - part one: "Defendant suppressed the fact that he did not have clear title at the time of sale to plaintiff" | No statement of fact to support the defendant not having "clear" title to the aircraft is alleged, such as who did have title. | Specifics necessary – how did the defendant know that title in him was not in fact the case at the time of formation of the agreement and close of escrow? How did defendant learn of title problems and when? |
| ¶ 80, part two: "Defendant concealed or suppressed the fact that the aircraft could not be made airworthy within weeks of the close of escrow" | No statement of fact as to how this concealment or suppression of fact was accomplished; no statement whether these representations that the craft would be made airworthy after escrow closed, were written, oral and if they were made by the defendant himself, when and where. | Specifics necessary. How did plaintiff learn that the aircraft was not airworthy? When? Why was this discovery not made prior to escrow closing? Why was this discovery not made before Lori Day Esq. Signed an acceptance of the aircraft as being in compliance with the written sale agreement? |
| ¶ 82 (essentially the same allegations as paragraph 80) | No statement of fact as to how this concealment or suppression of fact was accomplished; | Same facts needed as described regarding paragraph 80. |

| ¶ 83 "Plaintiff was unaware of these facts and would not have acted as it did had it known of the concealed and suppressed facts" | Why was plaintiff "unaware" of these facts alleged i.e. non-airworthiness? | What prevented the plaintiff from performing appropriate due diligence as to this aircraft prior to the close of escrow? What facts justify the plaintiff being "unaware" of the condition of the helicopter, especially when its attorney certified to all concerned that it was in compliance with the purchase agreement and the purchase funds could be released to the defendant by escrow? |
|---|---|---|

The plaintiff needs to go back to the drawing board, to the extent it can, and provide the specifics of the fraudulent concealment, fraudulent suppression of fact, and outright fraud it alleges took place in this transaction, and also explain why it took no steps to revoke its acceptance of the helicopter within a short time after escrow closed – such as within 30 days.

It is respectfully requested that the court dismiss the Unjust Enrichment count as impermissible in Arizona per the Supreme Court's mandate when a contract exists between the parties; dismiss the count for relief under the Arizona Consumer Fraud as being outlawed, and order a more definite statement as to the alleged fraudulent acts.

Respectfully submitted May 8, 2017,

**GOLDSTEIN LEGAL TEAM, PLLC**

s/H. Lee Horner Jr.   022791

_____
H. Lee Horner Jr.
Co-counsel for defendant Reish

1  Copy served by CM/ECF on May 8, 2017
   upon plaintiff's counsel
2
3  s/K. Siegman
   _____
4  K. Siegman, declarant for service only