**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Syntelco Limited,<br><br>    Plaintiff,<br><br>v.<br><br>Robert Reish,<br><br>    Defendant. | No. CV-17-00598-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff Azerbaijan Ministry of Defense's (AMOD) Motion for Summary Judgment against Defendant Robert Reish. (Doc. 78.) Defendant Reish has failed to file a response to the Motion and the time to do so has passed. Accordingly, after review, the Court will grant Plaintiff's Motion, enter judgment against Defendant Reish on Plaintiff's Breach of Contract Claim, and award damages to Plaintiff in the amount of $2.1 million.[1]

**I.    Background.**

The following facts are undisputed.

    **a.    Parties.**

Plaintiff AMOD is "a foreign government agency, by and through its Authorized Agent, Syntelco, Limited, a Limited Liability Company." (Doc. 79, ¶ 1.) Defendant Robert

---

[1] In its Motion, Plaintiff states that "for the purposes of this motion, AMOD will seek only $2.1 million from Reish, which is the amount [Reish] received in the transaction" for the sale of the 41FF helicopter at issue. (Doc. 78 at 9, n.3.)

Reish is an individual residing in Hawaii. (*Id.*, ¶ 2.) Third party Defendants, Tina and Darin Cannon, reside in Arizona, and served as officers of Phoenix Heliparts (PHP), a company in the business of restoring and rebuilding damaged aircraft. (*Id.*, ¶ 3.) PHP filed for Chapter 11 bankruptcy protection on September 21, 2015. (*Id.*)

### b. Helicopter Purchase Agreement Between AMOD and Reish.

On November 11, 2015, AMOD and Reish entered into a Helicopter Purchase Agreement (Purchase Agreement) (doc. 78-6, Ex. F, at 1-4) for the sale and delivery of MD 530F helicopter, Serial Number 0041FF (the 41FF). (Doc. 79, ¶ 4.) Reish had previously purchased the 41FF from PHP for $1.395 million. (*Id.*, ¶ 5.) The Purchase Agreement between Reish and AMOD required Reish to deliver the 41FF helicopter to AMOD in a fully-operational and airworthy condition. (*Id.*, ¶ 6.) Specifically, the Purchase Agreement states:

> Delivery Condition: The Helicopter will be delivered with all systems operational, Flight records up to date, all mandatory Federal Aviation Administration ("FAA") Airworthiness Directives and Service Bulletins complied with..

(Doc. 78-6 at 3, ¶ 4.) In exchange for delivering a fully-operational 41FF helicopter, AMOD agreed to pay Reish $2.15 million. (*Id.* at 3, ¶ 1; Doc. 79, ¶ 7.) Also included in the Purchase Agreement is an integration clause, which states

> This purchase agreement, along with the attached invoice and escrow statement, is the only contract controlling this purchase and sale of the said Helicopter, and contains all agreements, expressed or implied whether verbal or in writing, between the PURCHASER [AMOD] and the SELLER [Reish].

(Doc. 78-6 at 4, ¶ 11; Doc. 79, ¶ 9.) No contract or agreement exists between Reish and AMOD beyond the Purchase Agreement. (Doc. 79, ¶ 8.) The Purchase Agreement's cover page provides that "[a]ny changes [to the Purchase Agreement] must be executed by [AMOD] and [Reish] in writing, and mutually agreed to." (*Id.*, ¶ 10; Doc. 78-6 at 2.)

### c. Performance Under the Purchase Agreement.

On November 25, 2015, AMOD, via escrow, wired Reish the full purchase price of $2.15 million, fully performing its obligations under the Purchase Agreement. (Doc. 79, ¶¶

11-12; Doc. 78-1, Ex. A, at 18-19 (Reish deposition transcript acknowledging that he received the full purchase price of the aircraft and that AMOD complied "with its obligations to [Reish] as the seller of this aircraft[.]"); Doc. 78-3, Ex. C, at 7 (Reish answering an interrogatory, affirming that he received a wire from AMOD via escrow on November 25, 2015, in the amount of $2.15 million).)

Reish, despite receiving the full purchase price for the 41FF, "never delivered a fully-operational helicopter to AMOD at any time." (Doc. 79, ¶ 13.) Reish asserts that he never delivered the 41FF helicopter to AMOD because it was PHP's responsibility to do so. (*Id.*, ¶ 14.) "There is no written agreement between Reish and AMOD 'that PHP is obligated to make it airworthy for them'" (*id.*, ¶ 15), and "[t]here is no agreement between Reish and AMOD and PHP 'that PHP would make the aircraft airworthy'" (*id.*, ¶ 16). To date, the 41FF helicopter is not airworthy, and Reish estimates that the helicopter is worth no more than a couple hundred thousand dollars in its current condition. (*Id.*, ¶ 17.)

### d. AMOD's Claims Against Reish.

On February 28, 2017, AMOD initiated this action against Defendant Reish. (Doc. 1.) AMOD twice amended their complaint; first on September 22, 2017 (doc. 16), and again on November 28, 2017 (doc. 26). The Second Amended Complaint (SAC) (*id.*) is the operative complaint in this matter.

### e. Motion for Summary Judgment.

On October 19, 2018, AMOD filed the pending Motion for Summary Judgment. (Doc. 78.) To date, Reish has not filed a response, and the deadline to do so has long since passed. Accordingly, the Court will resolve the Motion.

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III. Discussion.**

In its SAC, AMOD asserts nine claims against Reish: (1) Breach of Contract (*id.*, ¶¶ 29-44); (2) Breach of the Implied Covenant of Good Faith and Fair Dealing (*id.*, ¶¶ 45-51); (3) Breach of Warranty (*id.*, ¶¶ 52-61); (4) Fraud and Deceit (*id.*, ¶¶ 62-99); (5) Intentional Misrepresentation (*id.*, ¶¶ 100-10); (6) Concealment (*id.*, ¶¶ 111-16); (7) Conversion (*id.*, ¶¶ 117-23); (8) Violation of Arizona Consumer Fraud Act (*id.*, ¶¶ 124-27); and in the alternative (9) Unjust Enrichment (*id.*, ¶¶ 128-30). AMOD seeks all actual and consequential damages, costs, expenses and attorneys' fees. (*Id.* at 25.)

**a. Defendant's Failure to Respond to the Motion.**

Where the non-movant fails to respond to the movant's Motion for Summary Judgment, the Court is not required to grant the Motion, even in light of Local Rules of Civil Procedure providing "that the Court may deem a party's failure to respond [. . .] as consent to the granting of the motion." *Finkle v. Ryan*, CV-14-01343-PHX-DGC, 2016 WL 1241878, at *3 (D. Ariz. Mar. 30, 2016) (finding that plaintiff's failure to respond to defendants' motion for summary judgment did not warrant granting the motion despite Local Rule of Civil Procedure 7.2(i)). The Ninth Circuit has clarified that such local rules cannot provide a valid basis for granting a motion for summary judgment where the motion is unopposed, as Federal Rule of Civil Procedure 56 "authorizes the court to consider a fact as undisputed," but does not allow the court to grant summary judgment by default. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (finding that Western District

of Washington Local Rule 7(b)(2) conflicts with Federal Rule of Civil Procedure 56 and "cannot provide a valid basis for granting a motion for summary judgment"). Accordingly, the Court will address the moving party's motion, in such a case, on the merits. *Finkle*, 2016 WL 1241878, at *3.

Here, Defendant Reish has failed to respond to AMOD's Motion or file a brief in opposition to the Motion for Summary Judgment. Regardless of this fact, the Court may not grant summary judgment by default against Reish. Rather, the Court may only grant a Motion for Summary Judgment if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In its Motion, AMOD seeks summary judgment on its Breach of Contract alone. (Doc. 78.) Accordingly, the Court will only evaluate that claim based on the record available, but will render no findings as to the remainder of AMOD's allegations.

### b. AMOD's Breach of Contract Claim.

Under Arizona law, a claim for breach of contract has three elements: (1) a contract exists between the plaintiff and the defendant; (2) the defendant breached the contract; and (3) the breach resulted in damage to the plaintiff. *See Nerdig v. Elec. Ins. Co.*, No. CV-17-01859-PHX-GMS, 2018 WL 4184926, at *3 (D. Ariz. Aug. 31, 2018). Here, all three elements are undisputed.

#### 1. A Contract Between AMOD and Reish Exists.

First, there is no question that the Purchase Agreement discussed above constitutes a valid contract between AMOD and Reish for the purchase of the 41FF helicopter. (*See* Doc. 78-6, Ex. F, at 1-4.) The Purchase Agreement includes specific terms detailing each party's respective obligations under the agreement – namely that Reish agrees to sell and deliver the 41FF helicopter in airworthy condition to AMOD in consideration for receiving $2.15 million. (*Id.*) Indeed, Reish himself attaches the Purchase Agreement to his Answer to AMOD's SAC and Amended Third Party Complaint against Darin and Tina Cannon. (*See* Doc. 23-3.) And in his sworn deposition, Reish admitted that this same document was the "operative agreement" between the parties. (Doc. 78-1, Ex. A, at 17.)

### 2. Reish Breached that Contract.

Second, it is similarly undisputed that Reish has breached the Purchase Agreement. Reish admits that the contract required the 41FF helicopter to be delivered to AMOD with all systems fully functional. (*See id.*, at 17 (Robert Reish Deposition July 12, 2018 – "Q: Was that for an airworthy aircraft? A: Yes."); Doc. 78-2, Ex. B, at 11 (Robert Reish Deposition June 22, 2016 – "Q: You sold aircraft serial number 0041FF to AMOD, and in that contract it calls for that aircraft to be delivered in a flightworthy manner with all updates and everything in flightworthy spec, correct? A: Correct.").) Reish also admits that AMOD fully performed under the contract, providing him with full payment for the 41FF helicopter in the amount of $2.15 million. (Doc. 78-1 at 18-19; Doc. 78-3 at 7-8.)

Additionally, the record is clear that Reish has never delivered the 41FF to AMOD in airworthy condition as required under the Purchase Agreement. In fact, Reish has repeatedly admitted that he has never even seen the aircraft in airworthy condition, much less complied with the terms of the Purchase Agreement. (Doc. 78-1 at 8 ("Q: After you signed the purchase agreement to sell [the 41FF] to AMOD, did you ever see that aircraft in an airworthy condition? A: No."); *see also* Doc. 78-2 at 11 ("Q: Is the 41FF currently in flightworthy spec? A: To my knowledge, No.").) To be sure, Reish has previously asserted that PHP, not Reish himself, was actually obligated to deliver the 41FF in airworthy condition (*see* doc. 78-2 at 11-12), but nothing in the record supports that assertion.

The facts are undisputed, simple, and clear. The Purchase Agreement was between Reish and AMOD. The Purchase Agreement provides that Reish is obligated to deliver the 41FF to AMOD in airworthy condition. Reish has failed to comply with that term of the Purchase Agreement. Thus, Reish has breached the Purchase Agreement.

### 3. AMOD has Suffered Contractual Damages.

The 41FF is not currently flightworthy and "consists of nothing but a shell and parts." (Doc. 78 at 16.) It is undisputed that in its current unacceptable condition, the value of the 41FF is substantially less than the $2.15 million AMOD paid Reish. In fact, Reish himself estimates that the "aircraft in the condition it was in [on November 6, 2015], with

the parts it came with then, had a fair market value of roughly . . . [$]450,000." (Doc. 78-2 at 7.) The Court finds that, because AMOD has already paid Reish the full purchase price for an airworthy helicopter, and the 41FF in its current state is of substantially less value than what AMOD paid, AMOD has suffered contractual damages.

### 4. Conclusion.

The Court finds that AMOD is entitled to summary judgment on its breach of contract claim in Count One of the SAC. The record makes clear that Reish contracted with AMOD to sell the 41FF helicopter, a material term of that contract involved Reish's obligation to provide the aircraft in an airworthy state, and Reish breached that contract by failing in that obligation.

The Court notes that Reish has active claims against third-party Defendants Darin and Tina Cannon. (*See* Doc. 80.) But the Court finds that there is no just reason to delay entry of judgment in favor of AMOD and against Reish on AMOD's Breach of Contract Claim in Count One of the SAC. Accordingly, the Court will enter judgment on that claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2] To the extent Reish alleges that Darin and Tina Cannon committed fraud against him that led to his breach, he may continue to pursue relief in his third-party claims against them.

**IT IS ORDERED**:

1. Plaintiff AMOD's Motion for Summary Judgment against Defendant Reish (doc. 78) is **granted**.

2. The Clerk is to enter judgment in favor of AMOD and against Defendant

---

[2] Rule 54(b) states that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Reish as to AMOD's Breach of Contract Claim in Count One of the SAC.

    3.    AMOD is awarded $2.1 million in damages to be paid by Defendant Reish.

    4.    On or before June 21, 2019, AMOD may submit a motion seeking reasonable attorneys' fees and costs accrued in this action from Defendant Reish pursuant to Ariz. Rev. Stat. § 12-341.01(A) ("In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees.").

Dated this 31 day of May, 2019.

*Honorable John Z. Boyle*
*United States Magistrate Judge*