IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Reish, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Tina Cannon, et al.,<br><br>    Defendants. | No. CV-18-04960-PHX-SPL<br>No. CV-17-00598-PHX-JZB<br><br>**ORDER** |

Pending before the Court is the parties' "Stipulated Motion to Consolidate and Merge Cases." (Doc. 22.) Specifically, the parties request "an order consolidating with this case, a companion action involving the same parties now pending before Magistrate Judge Boyle [*Syntelco, Ltd. v. Reish*, 2017-CV-598-PHX-JZB], the same being a third party complaint against the Cannons." (*Id.* at 1.) The Court will deny the Motion.

**I.  Background.**

    **a.  Companion Action.**

In February 2017, the Azerbaijan Ministry of Defense (AMOD) filed a complaint against Robert Reish in this Court, initiating the Companion Action the parties now seek to merge with the instant case. *See Syntelco Ltd. v. Reish*, 2017-CV-598-PHX-JZB at Doc. 1 (D. Ariz. February 28, 2017).[1] Therein, AMOD alleged, *inter alia*, that Reish had entered into a contract to sell AMOD an airworthy helicopter (the 41FF), and that Riesh had breached that contract when he failed to deliver the 41FF as promised after AMOD

---

[1] Citations to the docket of this Companion Action will be cited as (*Syntelco*-Doc. #)

provided full payment. (*Id.*)

On April 18, 2017, Reish filed a Motion to Dismiss AMOD's Complaint, or in the alternative a Motion for More Definite Statement. (*Syntelco*-Doc. 10.) On April 25, 2017, in accordance with 28 U.S.C. § 636(c), all parties to the Companion Action voluntarily consented to have Magistrate Judge John Z. Boyle conduct all further proceedings in that case, including trial and entry of final judgment. (*Syntelco*-Doc. 12.) On August 28, 2017, the Court denied Reish's Motion to Dismiss, but granted his Motion for More Definite Statement. (*Syntelco*-Doc. 15.)

On September 22, 2017, AMOD filed its First Amended Complaint. (*Syntelco*-Doc. 16.) On October 1, 2017, Reish filed a second Motion for More Definite Statement. (*Syntelco*-Doc. 17.) In Response, AMOD moved to again amend their complaint (*Syntelco*-Doc. 20) and lodged a proposed Second Amended Complaint (*Syntelco*-Doc. 21). The Court denied Reish's Motion for More Definite Statement as moot and granted AMOD's Motion to Amend. (*Syntelco*-Doc. 25.)

On November 9, 2017, Reish filed a document containing both his Answer to AMOD's Second Amended Complaint and a Third-Party Complaint against Darin and Tina Cannon – Defendants in the instant action. (*Syntelco*-Doc. 23.) In his Third-Party Complaint, Reish alleged that the Cannons had engaged in fraud as to the 41FF helicopter at issue in the underlying action, and three other helicopters (the 600FF, the 1170229D, and the 0175FF) not at issue in that action. (*Id.*) On January 22, 2018, the Cannons filed a Motion to Dismiss Reish's Third-Party Claims against them arguing in part that they did not relate to the underlying action brought by AMOD against Reish. (*Syntelco*-Doc. 43.)

After briefing, the Judge Boyle granted the Cannon's Motion to Dismiss in part. (*Syntelco*-Doc. 68.) Specifically, Judge Boyle dismissed each of Reish's fraud claims pertaining to helicopters other than the 41FF, finding "Reish's allegations of fraud involving helicopters other than the 41FF are improper for joinder under Rule 14(a). *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986)[.]" (*Syntelco*-Doc. 68 at 14.)

The Court in the Companion Action has since ruled on dispositive motions in that case (*Syntelco*-Doc. 80 (denying the Cannon's Motion for Summary Judgment against Reish); (*Syntelco*-Doc. 81 (granting AMOD's Motion for Summary Judgment against Reish)), and the only remaining claim in that case is Reish's Third-Party fraud claim against the Cannons relating to the 41FF helicopter. Reish has appealed the Court's Order granting summary judgment in favor of AMOD against Reish. (*Syntelco*-Doc. 90.)

A final pre-trial conference on the remaining claims is scheduled for September 30, 2019. (*Syntelco*-Doc. 96.)

### b. Instant Action.

On December 31, 2018, Plaintiffs Robert Reish, Kathleen Reish, and Ryuko Incorporated (Plaintiffs) initiated the instant action against Defendants Darin and Tina Cannon by filing a Complaint in this Court. (Doc. 1.) Therein, Plaintiffs allege those claims that were dismissed in the Companion Action as inappropriate for joinder under Rule 14(a). (*See id.*, ¶9.)

On July 17, 2019, the Court entered a Case Management Order setting discovery and dispositive motion deadlines for this case. (Doc. 19.) On July 18, 2019, the Court referred this action to Magistrate Judge Michelle H. Burns for settlement conference (Doc. 20), which is now scheduled for October 17, 2019 (Doc. 21).

## II. Motion to Consolidate.

On August 30, 2019, the parties concurrently filed the pending motion in both the instant action (Doc. 22) and Companion Action (*Syntelco*-Doc. 97). Therein, the parties argue that "it would make sense to consolidate and merge the cases for all further proceedings to take place before this honorable court since there is no consent in this case for trial before a magistrate judge." (Doc. 22 at 3.) Additionally, the parties contend "[d]iscovery will be more efficient as will pre-trial issues, and of course the trial itself all at one time." (*Id.*)

Under Rule 42(a) of the Federal Rules of Civil Procedure: "[i]f actions before the court involve a common question of law or fact, the court *may* . . . (2) consolidate the

1 actions." Fed. R. Civ. P. 42(a)(2). The Court has broad discretion in choosing whether or not to consolidate. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). *See also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court[.]").

Here, the Court declines to consolidate the instant action and the Companion Action. In the Companion Action, Reish's remaining fraud claim against the Cannons has been pending for nearly two years, discovery is complete, and that case is set for a final pre-trial conference later this month. Additionally, Reish is currently pursuing an appeal in that action regarding the entry of summary judgment against Reish in favor of AMOD. (*Syntelco*-Doc. 90.)

To the extent common issues of fact and law exist, they are insufficient to warrant consolidation. Accordingly, the Court will deny the parties' Motion to Consolidate. (Doc. 22; *Syntelco*-Doc. 97.)

**IT IS ORDERED** that the parties Motion to Consolidate (Doc. 22; *Syntelco*-Doc. 97) is **denied**.

Dated this 10th day of September, 2019.

Honorable Steven P. Logan
United States District Judge