**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Syntelco Limited, | No. CV-17-00598-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Reish, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees pursuant to A.R.S. § 12-341.01(A), Fed. R. Civ. P. 54, and Local R. Civ. P. 54.2. (Doc. 86.) The Court will grant Plaintiff's Motion to the extent discussed below.

**I.     Background.**

Plaintiff Azerbaijan Ministry of Defense (AMOD) is a foreign government agency, and Defendant Robert Reish is an individual residing in Hawaii. (Doc. 81 at 1-2). Third-party Defendants, Tina and Darin Cannon, reside in Arizona, and served as officers of Phoenix Heliparts (PHP), a company that restores and rebuilds damaged aircraft. (*Id.* at 2.) On September 21, 2015, PHP filed for Chapter 11 bankruptcy protection. (*Id.*) The dispute arises out of a contract between Defendant Reish and Plaintiff AMOD to deliver the 41FF helicopter. (*Id.* at 3.)

On June 4, 2019, the Court granted Plaintiff's Motion for Summary Judgment against Defendant Reish (*id.*), and the Clerk of the Court entered judgement in favor of

Plaintiff on all claims against Defendant Reish. (Doc. 82.) On June 21, 2019 Plaintiff filed the pending Motion for Attorneys' Fees and Costs. (Doc. 86.) That same day, Plaintiff's lead counsel at the Ashcroft Law Firm, LLC filed a statement informing this Court that "no formal retainer agreement was executed between Plaintiff AMOD and lead counsel . . . with regards to this litigation." (Doc. 88 at 1.) On July 17, 2019, Defendant Reish filed a Response to Plaintiff's Motion (doc. 86). (Doc. 93.)

## II. Analysis.

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citations omitted). Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Fees may be awarded at the trial court's discretion. *See Andra R Miller Designs LLC v. US Bank NA*, 418 P.3d 1038, 1045 (Ariz. Ct. App. 2018). Therefore, to award attorneys' fees under this statute, the Court must find that this action arises out of a contract, that Plaintiffs are the "successful" or prevailing party, that an award of attorneys' fees is appropriate, and that the requested fees are reasonable. *See Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *2 (D. Ariz. Sept. 21, 2016). The award "need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

### A. Jurisdiction.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. § 1391. Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. (Doc. 26 at 2.) Because the Court has diversity jurisdiction, the Court will apply Arizona state law when weighing an award of attorneys' fees. *See Kona Enters., Inc.*, 229 F.3d at 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees.").

### B. Eligibility.

Plaintiff is eligible for an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01(A).[1] The Court finds Plaintiff was the successful party in this contract dispute and is thus eligible to collect attorneys' fees pursuant to statute.

#### 1. Determination of the Successful Party.

Under Arizona law, "the trial court has substantial discretion to determine who is a 'successful party' when determining an award of attorneys' fees under A.R.S. § 12-341.01. *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007). "The decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court . . . ." *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 214 P.3d 415, 422 (Ariz. Ct. App. 2009). "To determine whether a party is successful under Section 12-341.01, a court should consider 'the totality of the circumstances and the relative success of the litigants." *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *3 (D. Ariz. Sept. 21, 2016) (quoting *McAlister v. Citibank*, 829 P.2d 1253, 1262 (Ariz. Ct. App. 1992).

Here, on June 4, 2019, the Court granted Plaintiff's Motion for Summary Judgment against Defendant Reish. (Doc. 81.) The Clerk of the Court entered judgement in favor of Plaintiff on all claims against Defendant Reish. (Doc. 82.) Defendants do not dispute that Plaintiff was the successful party. (*See* Doc. 93.) As such, the Court finds that the Plaintiff is the "successful party" within the meaning of A.R.S. § 12-341.

#### 2. The Claims Arise Out of Contract.

Where a "contract in question is central to the issues of the case, it will suffice as a basis for a fee award." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836-37 (9th

---

[1] A.R.S. § 12-341.01(A) provides:
> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees. This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.

Cir. 2001). Further, "when the fees are related to work that encompassed all of the claims generally[,]" as they did here, "apportionment is not appropriate[.]" *Dahn World Co. v. Chung*, No. CV 05-3477-PCT-JAT, 2006 WL 3313951, at *5 (D. Ariz. Nov. 13, 2006);

Here, the breach of contract claim was the sole basis for this Court's order granting Plaintiff's Motion for Summary Judgment. Though summary judgment was awarded on one of nine claims (doc 81), Plaintiff is eligible for attorneys' fees on work for all nine claims. *See Kaufman v. Warner Bros. Entm't Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *7 (D. Ariz. May 13, 2019) (analyzing each of Plaintiff's claims in turn and finding that Defendants are eligible for an award of attorneys' fees for work on all of Plaintiff's claims).

### C. Discretion in Awarding Attorneys' Fees

"Mere eligibility [under § 12-341.01(A)] does not establish entitlement to fees." *Harris v. Maricopa County Superior Court*, 631 F.3d 936, 974 (9th Cir. 2011) (citation omitted); *see Manicom v. CitiMortgage, Inc.*, 336 P.3d 1274, 1283 (Ariz. Ct. App. 2014) (holding that an award of attorneys' fees under A.R.S. § 12-341.01(A) "is permissive" and "not mandatory"); *Motzer v. Escalante,* 265 P.3d 1094, 1095 (Ariz. Ct. App. 2011) ("[T]here is no presumption that a successful party should be awarded attorney fees under § 12-341.01."). Rather, the court must exercise its discretion to determine whether attorneys' fees should be awarded. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985); *see also State Farm Mut. Auto. Ins. Co. v. Arrington*, 963 P.2d 334, 340 (Ariz. Ct. App. 1998) ("The trial court has broad discretion in determining whether to award attorneys' fees under A.R.S. section 12–341.01(A).").

In determining whether to exercise discretion to award attorneys' fees under A.R.S. § 12-341.01(A), the court must consider the following six factors (the *Associated Indemnity* factors):

> (1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits.

*Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319 (9th Cir. 1997) (citing *Associated Indem. Corp.*, 694 P.2d at 1184). "[T]he weight given to any one factor is within the court's discretion." *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 245 (Ariz. Ct. App. 2002). The Court will discuss each *Associated Indemnity* factor below.

### 1. The Merits of Defendant Reish's Defense.

The first *Associated Indemnity* factor considers the merits of the unsuccessful party's claims or defenses. *Ward v. Life Care Centers of Am., Inc.*, No. CV-16-0741-TUC-RCC (JR), 2019 WL 346993, at *4 (D. Ariz. Jan. 7, 2019). Here, the Court resolved Plaintiff's Motion for Summary Judgment after Defendant Reish failed to file a response to the Motion. (*See* doc. 81 at 3). The Court evaluated the record as it stood and rendered a decision on the merits. (*Id.*) Defendant presented no meritorious defense to the Plaintiff's claims, and thus the first factor weighs in favor of awarding attorneys' fees.

### 2. Whether the Litigation Could Have Been Avoided or Settled.

The second *Associated Indemnity* factor looks primarily "to whether litigation could have been avoided or settled." *Velarde*, 105 F.3d at 1319 (9th Cir. 1997). Plaintiff claims that it sent Defendant Reish a demand letter for its purchase price on June 3, 2016. (Doc. 86 at 5.) Defendant Reish does not contest Plaintiff's claim. (Doc. 93.) The Court finds that this factor weighs in favor of awarding attorneys' fees.

### 3. Whether Assessing Fees Would Cause Extreme Hardship.

The third *Associated Indemnity* factor evaluates whether the imposition of fees against the unsuccessful party would cause extreme hardship. *Ward*, 2019 WL 346993, at *4 (D. Ariz. Jan. 7, 2019). Plaintiff argues that the record contains no evidence that Defendant Reish would be unable to satisfy an adverse fee judgment or would cause extreme hardship. (*Id.* at 6.) Defendant does not raise an objection or argue that he would suffer extreme hardship in his Opposition to Plaintiff's Motion for Attorney's Fees. (Doc. 93.) *See also Ward*, 2019 WL 346993, at *4 (D. Ariz. Jan. 7, 2019) (awarding attorneys' fees to the prevailing party after the opposing party "presented no evidence that would support a finding of extreme hardship."). As such, the Court finds this factor weighs

in favor of awarding attorneys' fees.

### 4. Whether Successful Party Prevailed in Full.

The fourth *Associated Indemnity* factor considers whether the party requesting attorneys' fees prevailed "with respect to all relief sought." *Velarde*, 105 F.3d at 1319 (9th Cir. 1997). Here, the Court entered judgment in Plaintiff's favor after granting Plaintiff's Motion for Summary Judgment on Claim One, breach of contract (Doc. 81). In that Motion, Plaintiff AMOD sought summary judgment on its breach of contract claim alone. (*Id.* at 5; *see also* doc. 78.) At the Court's direction (doc. 81 at 7-8), the Clerk entered Judgment in favor of Plaintiff and against Defendant and awarded Plaintiff $2.1 million in damages (doc. 82). This figure was the full amount that Plaintiff requested. (Doc. 78.) The Court finds that the Plaintiff prevailed with respect to all relief sought and that this factor weighs in favor of awarding attorneys' fees.

### 5. Whether the Legal Issues Were Novel.

The fifth *Associated Indemnity* factor evaluates whether novel legal issues were at issue in the dispute. A claim that is novel or has not previously been adjudicated weighs against awarding attorneys' fees. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990) (finding a claim novel when it involved "unanswered questions concerning Arizona law"); *see also 11333, Inc. v. Certain Underwriters at Lloyd's, London*, No. CV-14-02001-PHX-NVW, 2018 WL 1570236, at *6 (D. Ariz. Mar. 30, 2018) ("To weigh against a fee award for novelty, the ultimately unmeritorious claims need to be serious in the fabric of legal doctrine, supported by evidence, and worthy of presentation for neutral decision.").

Novel legal issues were not present in this action, where Plaintiff's nine claims and Defendant's respective answers were straightforward applications of tort and contract theories. *See Firetrace USA, LLC v. Jesclard*, No. CV 07-2001-PHX-ROS, 2012 WL 12960881, at *4 (D. Ariz. Jan. 17, 2012) (finding that breach of contract claims did not raise novel issues). Accordingly, the Court finds that this factor weighs in favor of an award of fees.

### 6. Whether an Award Would Discourage Tenable Claims.

The sixth *Associated Indemnity* factor looks at whether an "award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees." *Harris*, 631 F.3d at 974 n.3 (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985)).

Here, Defendant Reish raises no argument that an award would discourage other parties from litigating legitimate contract issues for fear of incurring an award of attorneys' fees against them. (*See* doc. 93.) Plaintiff argues that an award against Defendant Reish may have a different effect, in that it "may discourage defendants with little or no defense like Defendant Reish from asserting frivolous defenses simply because they have been sued." (Doc. 86 at 7.) The Court finds nothing in this award will discourage future tenable claims and defenses. Accordingly, this factor favors an award of fees.

### 7. Summary.

After considering the above factors, the Court finds that an award of attorneys' fees under A.R.S. § 12-341.01 for Plaintiff is appropriate.

## C. Reasonableness.

After concluding that awarding attorneys' fees is appropriate under the *Associated Indemnity* factors, the Court must decide whether the requested fees are reasonable. *Manone v. Farm Bureau Prop. & Cas. Co.*, No. CV-15-08003-PCT-JAT, 2016 WL 1059539, at *3 (D. Ariz. Mar. 17, 2016). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1285-86 (Ariz. Ct. App. 2007). However, "[i]f that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees." *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012). On the other hand, should "the party opposing the award show[] that the otherwise prima facie reasonable fee request is

excessive, the court has discretion to reduce the fees to a reasonable level." *Geller*, 285 P.3d at 976.8

To determine whether the requested attorneys' fees are reasonable, "the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable." *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 WL 3999188, at *3 (D. Ariz. July 1, 2015). Reasonableness is generally analyzed under the "lodestar method," which has been adopted as "the centerpiece of attorney's fee awards." *Leavey v. UNUM/Provident Corp.*, No. 2: CV-02-2281-PHX-SMM, 2006 WL 1515999, at *23 (D. Ariz. May 26, 2006) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). "The lodestar method of calculating reasonable attorneys' fees is a two-step process whereby a court multiplies 'the number of hours reasonably expended by a reasonable hourly rate' and then determines if any of the identified lodestar factors favor enhancing or reducing the arrived at product." *Manone*, 2016 WL 1059539, at *3 (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). Thus, courts may also consider the 13 factors listed in LRCiv 54.2(c)(3) when determining the reasonableness of an attorneys' fee request. *See W. All. Bank v. Jefferson*, 2:14-CV-0761-PHX-JWS, 2016 WL 1392077, at *1 (D. Ariz. Apr. 8, 2016). These thirteen factors include:

> (A) The time and labor required by counsel; (B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved; (F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights, involved, and the results obtained; (I) The experience, ability and reputation of counsel; (J) The 'undesirability' of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in similar actions; and (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3).

### 1. Reasonable Hourly Rate.

To determine reasonable attorneys' fees in commercial litigation, the analysis begins with the actual billing rate that the lawyer charged in the particular matter. *See Schweiger v. China Doll Restaurant*, 673 P.2d 927, 931. "The best indicator of a reasonable hourly rate for a fee-paying client is the rate charged by the lawyer to the client." *Jackson v. Wells Fargo Bank, N.A.*, No. CV-13-00617-PHX-SPL, 2015 WL 13567069 at *2 (D. Ariz. Oct. 23, 2015) (citing *Schweiger*, 673 P.2d at 931–32). However, "upon the presentation of an opposing affidavit setting forth reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate." *Schweiger*, 673 P.2d at 932.

In Plaintiff's application for attorneys' fees, Plaintiff submits two affidavits for the two firms representing the Plaintiff AMOD and its agent, Syntelco, Inc. The first firm, Ashcroft Law Firm, LLC, is based out of Boston, Massachusetts. The second firm, Dentons US LLP served as local counsel through its Phoenix, Arizona office. Ashcroft has stated that no formal fee agreement existed between Ashcroft and Plaintiff AMOD. (Doc. 88 at 1.) The only fee agreement on the record is between Ashcroft and Dentons. (Doc. 86-3 at 50).

Defendant argues that "Ashcroft does not provide the [C]ourt with a writing where the [P]laintiff agreed to pay more than Dentons was paid, and provides no evidence supporting the reasonableness, in Phoenix, of hourly rates of $895 and $695." (Doc. 93 at 3.) Therefore, Defendant contends that Ashcroft's rate should be reduced to match the rate of the Dentons attorneys. The Court agrees.

The Court will reduce the hourly rates of Ashcroft attorneys Michael Sullivan, Lori Sharpe Day, Brian Leske, and Christopher Peele to $525.00. The figure of $525.00 is the rate at which that Dentons attorney Steven Aaron performed the bulk of the work on this case. (Doc. 86-3 at 3.) Defendant does not object to the proposed rate for Ms. Reilly and Ms. Barry ($295), and the Court finds that proposed rate to be reasonable.

### 2. Hours Reasonably Expended.

Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for

1 every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Schweiger*, 673 P.2d at 931-32 (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). The party opposing the fee award "must provide specific references to the record and specify which amount of items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319-20 (Ariz. Ct. App. 2014). An award may be reduced for hours not "reasonably expended." *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV 11-0965-PHX-JAT, 2012 WL 2798653, at *6 (D. Ariz. July 9, 2012).

Defendant does not object to the hours Plaintiff's attorneys expended on this litigation. (Doc. 93.) After review, the Court finds the number of hours expended by Plaintiff's attorneys to be reasonable.

### 3. Depositions.

Defendant objects to both Ashcroft and Denton attorneys billing for their presence at depositions. (Doc. 93 at 4). Specifically, Defendant objects that Denton attorney Jacqueline Whipple "was not needed at any of the depositions" and thus suggests that her billable fees, including preparation, travel, transportation, meals, and lodging should not be an awardable fee against the Defendant.[2] (*Id.*) In total, Defendant objects to $12,771.00 in fees and $3,269.55 in transportation, lodging, meals, and other miscellaneous costs. (*Id.*) Defendant also notes that these costs are attributed to depositions of "defendants in Azerbaijan" (*Id.* (citing Doc. 86-3 at 43, 47-49).) Defendant objects that "no such depositions have ever been noticed to the defendant." (*Id.*)

The Court finds that Ms. Whipple's contested deposition related fees and costs are reasonable. Two attorneys may seek fees for attendance at the same deposition, especially

---

[2] Defendant Reish also argues that these costs are attributed to depositions of "defendants in Azerbaijan" which have never been noticed. (Doc. 93 at 5.) Defendant's position is disingenuous. Though Plaintiff's wording reflects a poor record-keeping practice, review of the record clearly reveals that Ms. Whipple was traveling to Phoenix to depose "defendants" – Mr. Reish – "in [the] Azerbaijan" Ministry of Defense case – the case at bar. (*See* doc. 86-3 at 27-28.)

for a key principal. *Two Bros. Distrib. Inc., et al., Plaintiffs, v. Valero Mktg. & Supply Co., Defendant.*, No. CV15-1509-PHX-DGC, 2019 WL 3997372, at *5 (D. Ariz. Aug. 23, 2019). The Defendant objects to Ms. Whipple's attendance at Mr. Reish's deposition. Mr. Reish, the named defendant in this case, is clearly a "key principal." *Id.* Defendant has not shown that these charges are unreasonable.

### E. Total Award.

Using the lodestar method, the Court finds:

Dentons, LLP is entitled to an award of **$112,551.32,** consisting of $107,784.50 in attorneys' fees[3] and $4,766.82 in costs.

Ashcroft Law Firm, LLC is entitled to an award of **$237,117.00,** consisting entirely of attorneys' fees.[4]

## III. Conclusion.

In sum, the Court finds that Plaintiff is entitled to $107,784.50 in attorneys' fees and $4,766.82 for costs for Dentons, and $237,117.00 for Ashcroft, **totaling $349,668.32.**

---

[3] For Dentons, LLP: (*See* doc. 86-3 at 3.)

| Person | Hours | Fee | Lodestar |
| --- | --- | --- | --- |
| Steven M. Aaron (2017) | 31.9 | $485 | $15,471.50 |
| Steven M. Aaron (2018) | 97.9 | $525 | $51,397.50 |
| Jacqueline M. Whipple | 78.5 | $330 | $25,905.00 |
| Andrew M. Legolvan | 15.3 | $295 | $4,513.50 |
| Teresa M. Ryan | 24.3 | $355 | $8,626.50 |
| Michele R. Hall (2017) | 6.4 | $255 | $1,632.00 |
| Michele R. Hall (2018) | 0.9 | $265 | $238.50 |
| **Total** | **255.2** | -- | **$107,784.50** |

[4] For Ashcroft Law Firm, LLC:

| Person | Hours | Fee | Lodestar |
| --- | --- | --- | --- |
| Michael J. Sullivan | 117.2 | $525 | $61,530 |
| Lori Sharpe Day | 0.6 | $525 | $315 |
| Brian J. Leske | 154.2 | $525 | $80,955 |
| Christopher Peele | 21.7 | $525 | $11,393 |
| Michelle T. Reilly | 238 | $295 | $124,950 |
| Amy D. Barry | 43.1 | $295 | $22,628 |
| **Total** | **574.8** | -- | **$237,117.00** |

**IT IS ORDERED:**

1. Plaintiff's Motion for Award of Attorney's Fees pursuant to A.R.S. § 12-341.01(A) (doc. 86) is **granted.**

2. Plaintiff is awarded **$349,668.32** in fees and costs, to be paid by Defendant.

3. The Clerk of the Court shall enter judgment accordingly.

Dated this 3rd day of October, 2019.

Honorable John Z. Boyle
United States Magistrate Judge