**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZERBAIJAN MINISTRY OF DEFENSE; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> ROBERT REISH, an Individual, <br><br> Defendant-Appellant. | No.   19-16371 <br><br> D.C. No. 2:17-cv-00598-JZB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Submitted July 13, 2020[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and HUNSAKER, Circuit Judges.

Robert Reish appeals the district court's grant of summary judgment to

Azerbaijan Ministry of Defense ("AMOD") and the denial of his motion to vacate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the judgment under Federal Rule of Civil Procedure 60(b).  He also contends that the district court lacked subject matter jurisdiction.  We have jurisdiction under 28 U.S.C. § 1291.  Reish waived what he improperly characterizes as a subject matter jurisdiction challenge, and we affirm both the district court's grant of summary judgment and denial of Reish's motion to vacate.

   1.  Reish argues the court below lacked subject matter jurisdiction, but Reish in substance challenges prudential standing—an issue that Reish waived by failing to raise it before the district court.  *See Bd. of Nat. Res. of the State of Wash. v. Brown*, 992 F.2d 937, 945–46 (9th Cir. 1993).

   If we did reach the issue of prudential standing, we would conclude that AMOD was the proper plaintiff below.  Reish bases his argument on both the venue paragraph of the complaint and the case caption of the summary judgment order, which say that the plaintiff is Syntelco.  In context, these are typographical errors.  Numerous other statements in the complaint—including the paragraph identifying the parties to the litigation—establish that AMOD was the plaintiff.

   2.  The district court correctly granted summary judgment to AMOD.  The district court found that AMOD met its burden on summary judgment and that all the elements of its breach of contract claim were undisputed.  *See* Fed. R. Civ. P. 56(e)(2).  The burden then shifted to Reish to "produce evidence to support [his] claim or defense."  *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1103

(9th Cir. 2000). Reish on appeal challenges summary judgment by arguing that AMOD unconditionally accepted the faulty helicopter. But Reish did not raise this affirmative defense (or respond at all to AMOD's motion) below. And "[a]n appellate court will not review an issue not raised nor objected to below unless necessary to prevent manifest injustice." *Kline v. Johns-Manville*, 745 F.2d 1217, 1221 (9th Cir. 1984) (quoting *Komatsu, Ltd., v. States Steamship Co.*, 674 F.2d 806, 812 (9th Cir. 1982)). *See also* Fed. R. Civ. P. 56(e) (setting forth options available to a court when a party fails to properly support or address an assertion of fact on summary judgment). Because Reish has not met his burden to establish manifest injustice, we do not consider his belated affirmative defense. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404–05 (9th Cir. 1985).

3. The district court did not abuse its discretion in denying Reish's motion to vacate the grant of summary judgment. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (standard of review). The district court correctly applied the four-factor test for analyzing claims of excusable neglect, basing its decision primarily on the "reason for the delay" factor. *See Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1091 (9th Cir. 2017). We need not determine whether the neglect of Reish's attorney, who claims not to have received notice of the summary judgment motion due to a technological glitch, was

excusable. Reish's other attorney did receive notice, and—inexplicably—neither attorney checked the district court docket for over seven months after AMOD filed the motion, during which time the deadline for filing dispositive motions passed. Reish has failed to establish excusable neglect.

We do not review any of Reish's remaining arguments that he did not adequately raise in his opening brief. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

AMOD's motion to amend the case caption is denied as moot.

**AFFIRMED.**